IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 02-198-001 |
| | ) |
| JOSEPH A. IEZZI | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Joseph Iezzi, acting pro se, has filed a "Motion for Ineffective Assistance of Counsel" (Doc. 65). In his motion, Defendant argues that his counsel was ineffective with respect to counsel's representation of Defendant on a violation of supervised release charge that resulted in this Court entering a judgment on January 23, 2006, whereby Defendant was sentenced to 18 months of imprisonment to be served consecutive to a sentence of 100 months imposed by Judge Cercone of this Court at 04-cr-312 on or about January 13, 2006. Based upon this alleged ineffectiveness of counsel, Defendant is seeking new counsel for purposes of his appeal.

On January 25, 2006, defense counsel filed a motion to withdraw as Defendant's counsel as well as a motion to have new appellate counsel appointed. On January 30, 2006, a Notice of Appeal to the Third Circuit was filed. Because this Notice deprived this Court of jurisdiction over Defendant's case, on January 31, 2006, the motions to withdraw as counsel and have new appellate counsel appointed were terminated.

On December 19, 2006, Defendant, acting pro se, filed a motion seeking new counsel to assist him in his appeal of this Court's sentence. (Doc. 63). On January 5, 2007, this Court denied

Defendant's motion on the basis of lack of jurisdiction. (Doc. 64)

Although titled differently, the Court reads Defendant's current "Motion for Ineffective Assistance of Counsel" to be requesting the same relief he has asked for two times in the past, new counsel. Unfortunately, for the same reason explained to Defendant two times before, this is not a relief the Court can grant at this time. In other words, due to Defendant's case being on appeal to the United States Court of Appeals for the Third Circuit, we no longer have jurisdiction over Defendant's case and cannot make decisions related to the appointment of counsel for his case. Instead, as explained to Defendant in our January 5, 2007 Order, Defendant needs to make his request for new appellate counsel to the appellate court.

Defendant's Motion for Ineffective Assistance of Counsel is denied based upon the Court's lack of jurisdiction to grant Defendant's request for relief. An appropriate Order follows:

### ORDER

AND NOW, this __16th__ day of January, 2007, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for Ineffective Assistance of Counsel is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: James Love, AUSA
    Derwin Rushing
    Joseph Iezzi
    No. 07520-068
    USP - Hazelton
    P.O. Box 2000
    Bruceton Mills, WV 26525